**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janelle Sammy,<br><br>Plaintiff,<br>vs.<br><br>J.O. Combs Unified School District #44,<br><br>Defendant. | No. CV-25-02793-PHX-SPL<br><br>**ORDER** |

Before the Court is J.O. Combs Unified School District #44's ("Defendant's") Motion to Dismiss (Doc. 24), Janelle Sammy's ("Plaintiff's") Response (Doc. 26), and Defendant's Reply (Doc. 27). The Court now rules as follows.[1]

**I. Background**

Defendant employed Plaintiff as a School Social Worker. (Doc. 21 at ¶ 3). Upon hire, Plaintiff disclosed her disability status to Defendant. (Doc. 21 at ¶ 12). Plaintiff alleges that she suffers from serious medical conditions, including chronic migraine disorder, traumatic brain injury ("TBI"), post-traumatic stress disorder ("PTSD"), and spine and neck impairments. (Doc. 21 at ¶¶ 11, 17).

In April 2023, Plaintiff reiterated her disability status and requested the use of a service dog as an accommodation. (*Id*. at ¶ 13). In May 2023, she emailed the Human

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Resources Department ("HR") and raised concerns about a hostile work environment and explicitly referred to her PTSD diagnosis. (*Id.* at ¶ 14). Plaintiff also had recurring migraine-related absences. (Doc. 21 at ¶ 16). Defendant allegedly took no action. (Doc. 21 at ¶¶ 12, 14–15).

On March 14, 2025, Plaintiff was involved in a car accident. (*Id.* at ¶ 17). She notified her supervisor, submitted medical documentation, and began sick leave on March 17, 2025. (*Id.* at ¶¶18–20). Plaintiff alleges that the accident exacerbated her previously documented injuries, including PTSD. (*Id.* at ¶ 17).

On March 30, 2025, Plaintiff contacted HR to request extended leave options related to her accident, ongoing medical conditions, and a recent death in her family. (*Id.* at ¶ 21). Defendant offered bereavement leave, (*Id.*), and provided Family and Medical Leave Act ("FMLA") paperwork only after Plaintiff filed a grievance in April 2025. (*Id.* at ¶¶ 21, 75). Plaintiff alleges that the paperwork was incomplete and inconsistent. (*Id.* at ¶ 76).

While Plaintiff was on leave, Defendant allegedly sent her work-related demands concerning stipend pay, rejected her contract renewal, and posted her position as immediately available. (*Id.* at ¶¶ 20, 27, 75–78). Defendant later issued Plaintiff a negative evaluation, which Plaintiff alleges rendered her ineligible for rehire, and reduced her stipend. (*Id.* at ¶¶ 26, 78).

Plaintiff alleges that Defendant offered only bereavement leave in response to her request for extended leave and failed to engage in the interactive process regarding her disability. (*Id.* at ¶ 56). She further alleges that Defendant interfered with and retaliated against her exercise of FMLA rights and violated the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). (*Id.* at ¶¶ 58, 64, 70, 79).

**II. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Pol. Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022).

**III. Discussion**

**A. Americans with Disabilities Act**

Plaintiff brings claims for failure to accommodate and retaliation under the ADA. A plaintiff, however, must exhaust her administrative remedies before bringing an ADA claim in federal court. *Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001). An EEOC charge must be filed within 300 days of the alleged unlawful employment practice. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Durand v. City of Phoenix*, No. CV-04-2465-PHX-SRB, 2006 WL 8440909, at *2 (D. Ariz. July 25, 2006) ("It is clear from the statute that Plaintiff had 180 days to file his charge with the EEOC unless he first filed a charge with the appropriate state agency, in which case he would have 300 days."). (*See* Doc. 24 at 4 (conceding Plaintiff had 300 days to file a charge with the EEOC)). Plaintiff's FAC simply states that "Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) concerning Defendant's

discriminatory and retaliatory conduct. The EEOC issued a Notice of Right to Sue letter, entitling Plaintiff to pursue this action in federal court." (Doc. 21 at ¶ 6). "[B]ecause Plaintiff did not allege facts demonstrating that she exhausted her administrative remedies with the EEOC as required before filing this suit, the Court will grant Defendant's Motion to Dismiss without prejudice and grant Plaintiff leave to amend to supplement her Complaint with such facts." *Eshetu v. Amazon Human Resource*, No. CV-24-03190-PHX-SPL, 2025 WL 327268, at *2 (D. Ariz. Jan. 29, 2025). Accordingly, the Court does not consider Plaintiff's April 2023 request for a service dog, references to hostile work environment concerns raised in May 2023, her request for additional leave options, or her claims for retaliation. (Doc. 21 at ¶¶ 14, 61). *See Shoaga v. Cal. Health Care Med. Facility*, No. 2:21-cv-01953 DAD CKD PS, 2023 WL 3601487, at *3 (E.D. Cal. May 23, 2023) (noting the plaintiff was given leave to amend to include paperwork indicating when an EEOC charge was filed).

**B. Rehabilitation Act**

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

This section of the Rehabilitation Act is "interpreted coextensively" with the ADA "because there is no significant difference in the analysis of rights and obligations created by each provision." *Mayfield v. City of Mesa*, 131 F.4th 1100, 1109 (9th Cir. 2025) (internal quotation marks and citation omitted). The connection between both acts, however, is "nuanced." *Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 868 (9th Cir. 2022); *see also Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938, 941 (9th Cir. 2009) ("[T]he scope of the Rehabilitation Act is broader than the ADA.").

"To prevail on a [Rehabilitation Act] claim, a plaintiff must establish that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive [a certain] benefit; (3) he was denied the benefits of a certain program solely by reason of his disability; and

(4) the program receives federal financial assistance." *Bax*, 52 F.4th at 866 (citation omitted) (alterations in original). Individuals who seek compensatory damages must also prove a "*mens rea* of intentional discrimination which may be met by showing deliberate indifference." *Id*. (citation omitted) (cleaned up).

Here, Defendant argues that Plaintiff's allegation that Defendant acted "substantially" because of her disabilities fails to satisfy the Rehabilitation Act's requirement that the discrimination occur "solely by reason of" her disability. (Doc. 24 at 12; *see* Doc. 21 at ¶ 70). The Court agrees. The Rehabilitative Act imposes a stricter causation standard than the ADA, requiring Plaintiff to allege that she was denied benefit of service solely by reason of her disability. *See K.M. ex rel. Bright v. Tustin Unified Sch. Dist*., 725 F.3d 1088, 1099 (9th Cir. 2013). Therefore, Plaintiff's allegation that Defendant acted "substantially" because of her disabilities does not, without more, satisfy this standard.

**C. FMLA**

**1. Interference**

To state an FMLA interference claim, "the employee must establish that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (citation omitted).

Here, Plaintiff alleges that she notified her supervisor of her March 14, 2025, accident, submitted medical documentation, began sick leave, and subsequently contacted Human Resources to request extended leave. (Doc. 21 at ¶¶ 17-18, 21, 73–74). These allegations are sufficient at the pleading stage to plausibly allege that Defendant had notice of Plaintiff's need for FMLA protected leave. *Xin Liu v. Amway Corp*., 347 F.3d 1125, 1134 (9th Cir. 2003) ("[T]he employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed." (citation omitted)).

Plaintiff further alleges that Defendant delayed providing FMLA paperwork and

provided incomplete and contradictory paperwork. (Doc. 21 at ¶¶ 22, 75–76). The Ninth Circuit has recognized that an employer's failure to provide required information concerning FMLA rights may constitute interference where employee is prejudiced by the violation. *Olson v. United States by & through Dep't of Energy*, 980 F.3d 1334, 1338 (9th Cir. 2020). Plaintiff also alleges that Defendant subsequently issued a negative evaluation, rendered her ineligible for rehire, and reduced her stipend after she invoked her FMLA rights. (Doc. 21 at ¶¶75–78). Because the use of FMLA protected leave may not be used as a negative factor in an employment decision, these allegations further support an interference claim. *See Bachelder v. Am. W. Airlines, Inc*., 259 F.3d 1112, 1125 (9th Cir. 2001).

Defendant's contention that Plaintiff was not entitled to preferential treatment while on leave does not alter this conclusion. (Doc. 24 at 15). Plaintiff alleges that Defendant's adverse actions were casually connected to her exercise of FMLA rights, rather than merely coinciding with her leave. (Doc. 21 at ¶ 78). At this stage, Plaintiff's allegations are sufficient to state an interference claim.

**2. Retaliation**

The FMLA protects an employee from discrimination for opposing a practice made unlawful by FMLA or for instituting or participating in an FMLA proceeding or inquiry. 29 U.S.C. 2615(a)(2); *see also Bachelder*, 259 F.3d at 1124.

Plaintiff alleges that Defendant took adverse actions in retaliation for her requesting FMLA leave. (Doc. 21 at ¶ 79). But an alleged adverse action taken because an employee exercised or attempted to exercise FMLA rights is properly analyzed as interference, not retaliation. *Bachelder*, 259 F.3d at 1124–25. Plaintiff does not allege that she opposed an unlawful FMLA practice or instituted or participated in an FMLA proceeding or inquiry. (Doc. 21 at ¶¶ 71–79). Accordingly, Plaintiff has not sufficiently pled the protected activity necessary for a separate retaliation claim.

**IV. Conclusion**

All told, "whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 24) is **granted in part and denied in part** in accordance with the terms of this order.

**IT IS FURTHER ORDERED** that Plaintiff's First, Second, and Third Claim for Relief **are dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Claim for Relief is **dismissed without prejudice** insofar as it is based on a theory of retaliation. This claim may proceed under a theory of interference.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint in accordance with this Order, if she so chooses, no later than **October 30, 2026**.

Dated this 30th day of September, 2026.

Honorable Steven P. Logan
United States District Judge